IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE, # B-52858, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-1104-MJR |
| | ) |
| DONNA S. HEIDEMANN, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), where he is serving a life sentence. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A -- which poses a problem, because no complaint was ever filed. Instead, Plaintiff initiated this action by filing a "Motion to Request Emergency Injunction" (Doc. 1). This motion consists of a three-paragraph "Memoranda of Law," a copy of a grievance Plaintiff filed on September 28, 2015, and his request for an order requiring Pinckneyville to "remove non-ADA inmates from Plaintiff's cell until completion of this civil complaint" (Doc. 1, p. 4).

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. In other words, "the first step in the action is the filing of the complaint." *Id.*, Advisory Committee Notes, 1937 Adoption. Although Plaintiff's "Motion to Request Emergency Injunction" suggests that he may have a constitutional claim, it cannot suffice as a complaint.

Plaintiff names Donna S. Heidemann as the sole Defendant in the caption of his motion, however, he never mentions her elsewhere in the document, nor does he include any description of her relationship to his potential claim. He states that on or about September 13, 2015, his two cellmates got into a fight with each other, and in the process damaged Plaintiff's wheelchair and electronics. Plaintiff does not claim that he was physically harmed. Plaintiff reported the incident and was assured that Internal Affairs would investigate the matter, but this never happened. The instigator of the fight threatened to "f**k [Plaintiff] up," and has thrown away his legal documents (Doc. 1, p. 3). Plaintiff now fears for his safety. In the included September 28, 2015, grievance, Plaintiff claims this cellmate as an enemy and requests that he be removed immediately from Plaintiff's cell (Doc. 1, p. 2). He also notes that he "reserve[s] the right to suite at later date." *Id*. Plaintiff's motion is dated September 29, 2015, and was submitted to the Court on October 6, 2015 (Doc. 1, p. 4). Nowhere does Plaintiff indicate whether he received any response to his grievance, or whether he communicated with the Defendant or any other prison official in an effort to change his cell assignment or that of the problem cellmate.

The motion does not state any claim against the sole named Defendant. Instead, Plaintiff makes general statements that "the Defendants" are intentionally inflicting emotional distress on him; "this Administration" is forcing him to reside in a cell where he is at risk of harm; and "the Internal Affairs Department" failed to investigate the fight (Doc. 1, p. 1). This does not suffice to state a claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a

claim against a Defendant, a plaintiff must describe what each named Defendant did (or failed to do), that violated the plaintiff's constitutional rights.

Although *pro se* litigants are not held to the same standards applied to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of procedure, *Jones v. Phipps*, 39 F.3d 158 163 (7th Cir. 1994). Without a complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Nor can the Court determine what causes of action Plaintiff intends to assert against any Defendant(s). More to the point, the Court cannot consider an application for injunctive relief in the absence of a complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to request emergency injunction (Doc. 1) is **DENIED** without prejudice. Within 35 days of this order (on or before December 7, 2015), Plaintiff shall file a complaint, thereby properly initiating an action. If Plaintiff still seeks injunctive relief, he must file a new motion. Failure to file a proper complaint by the prescribed deadline will result in the dismissal of this action for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Such a dismissal shall count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g), and Plaintiff will remain obligated to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to send Plaintiff a copy of this Order, along with a blank civil rights complaint form, and Instructions for Filing a Pro Se Civil Complaint for Civil Rights Violations or Other Civil Claims Filed by a Person in Custody.

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 5) shall be addressed in a separate order, following the receipt of his prisoner trust fund account documentation pursuant to the order at Doc. 7.

Plaintiff has also filed a motion for recruitment of counsel (Doc. 6). The fact that Plaintiff must prepare a proper complaint raises the question of whether Plaintiff is capable of drafting a viable complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

In Plaintiff's motion, he claims that he has "sent multiple letters to many attorneys" in an effort to secure counsel in this recently-filed matter. However, he does not attach copies of any of his letters or of the responses he has received (he notes that some have not responded at all). On this sparse record, the Court cannot conclude that Plaintiff has made reasonable efforts to obtain counsel on his own.

As to the second inquiry, Plaintiff reveals that he has completed some college, but explains that he is ignorant of the law, has bad eyesight, and his hands are not stable enough to do much writing. He states, without explanation, "I am ADA" (Doc. 6, p. 2). The Court notes that part of Plaintiff's motion is typed, and the handwritten grievance he includes is legible. The document reflects that Plaintiff is articulate and capable of stating the relevant facts and his legal claims. The Court further notes that Plaintiff has filed previous *pro se* civil rights complaints in this Court as well as in the Central District of Illinois, and several of those claims survived the required § 1915A review.

At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak, and all that is required is for Plaintiff to describe the facts underlying his claim(s), including his interactions with the prison officials who would be responsible for addressing his safety concerns. Plaintiff alone has knowledge of these facts, and no legal training or knowledge is required to set them down on paper. Therefore, the recruitment of counsel is not warranted at this time and the motion (Doc. 6) is **DENIED** without prejudice. The Court will remain open to appointing counsel as the case progresses.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven**

**(7) days** after a transfer or other change in address occurs. Failure to timely submit a change of address will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 2, 2015**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court
