IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE, # B-52858,  )  | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Case No. 15-cv-1104-MJR |
| ) | |
| DONNA S. HEIDEMANN,  ) | |
| ) | |
| Defendant.  ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for case management. Plaintiff initiated this action on October 6, 2015, by filing a "Motion to Request Emergency Injunction," consisting of a three-paragraph "Memoranda of Law," a copy of a grievance, and concluding with a request for an order requiring Pinckneyville Correctional Center (where Plaintiff is serving a life sentence) to "remove non-ADA inmates from Plaintiff's cell until completion of this civil complaint" (Doc. 1).

On November 2, 2015, this Court ordered Plaintiff to file a complaint no later than December 7, 2015, in order to proceed with this action (Doc. 8). The Clerk mailed him a blank complaint form for his use in preparing his pleading. Plaintiff was warned that if he failed to submit a proper complaint by this deadline, this case would be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. He was further warned that such a dismissal would count as s "strike" under 28 U.S.C. § 1915(g), and that he would remain obligated to pay the filing fee for this case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff's December 7, 2015, deadline has come and gone, and Plaintiff has failed to respond in any way. This action is therefore subject to dismissal.

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice,** for failure to state a claim upon which relief may be granted, for lack of subject matter jurisdiction, and for failure to prosecute. *See* 28 U.S.C. § 1915A; FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

This dismissal shall count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A separate order shall be entered to direct the payment of this filing fee, following the receipt of Plaintiff's prisoner trust fund statement (*See* Docs. 5, 7).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v.*

*Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: January 13, 2016**

**s/ MICHAEL J. REAGAN**
**United States Chief District Judge**