**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **WILLIAM A. MALONE, # B-52858,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-1104-MJR** |
| | ) | |
| **DONNA S. HEIDEMANN,** | ) | |
| **C/O BELFORD, WARDEN SPILLER,** | ) | |
| **LT. FURLOW, C/O LIND,** | ) | |
| **LT. LAWLESS, C/O BAILEY,** | ) | |
| **WINBERRY, CLIFF W. VANZANDT,** | ) | |
| **C/O MYERS, WARDEN LASHBROOK,** | ) | |
| **FLATT, SELBY, GABBY,** | ) | |
| **HUFF, LIVLEY, WOLF,** | ) | |
| **EBBERS, and PINKNEYVILLE** | ) | |
| **CORRECTIONAL CENTER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for a preliminary review of Plaintiff's First Amended Complaint (Doc. 13) pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton*,

209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

**<u>The First Amended Complaint (Doc. 13)</u>**

Plaintiff names eighteen individual Defendants as parties to this action.  However, many of them are not mentioned in the statement of claim.

Prior to April 22, 2014, Defendant Belford (Correctional Officer) threatened and intimidated Plaintiff because Plaintiff had filed a lawsuit against a fellow Pinckneyville employee, Defendant Heidemann (Doc. 13, p. 6).  These threats were intended to induce Plaintiff to withdraw his case against Heidemann.  Plaintiff sent written requests to Defendants Spiller

(Warden), Furlow (Lieutenant, Internal Affairs), and Lind (Correctional Officer, Internal Affairs) expressing his fear of Defendant Belford.  Defendant Spiller personally informed Plaintiff that he would not tolerate harassing or retaliatory behavior on the part of Defendant Belford.

Nonetheless, on April 22, 2014, Defendant Belford again confronted Plaintiff, yelling at him in front of other inmates, and suggesting that Plaintiff is a rapist and pedophile. Defendant Belford's broadcasting of this alleged criminal history information (Plaintiff states that the referenced convictions were his father's, not his own) placed Plaintiff's life and safety in danger.  Plaintiff reported the incident to Defendant Lt. Lawless, and requested Defendant Lind to investigate (Doc. 13, p. 7).  He also filed grievances against Defendant Belford.  However, when the grievance documents were given to Defendant Belford for a response, he told Plaintiff they would be destroyed.

On June 20, 2014, Defendant Belford made further threats to Plaintiff, telling him that other inmates should "hold prison justice" against Plaintiff.  He again told Plaintiff that filing grievances would be futile.  Plaintiff reported the threats to two unnamed Lieutenants, who failed to report Defendant Belford.  Plaintiff also filed grievances, which were "intentionally held" for over two months before any response was made.  Nothing was done to protect Plaintiff from Defendant Belford.

On a later date which Plaintiff does not disclose, a "non-American with Disability Act attendant" was moved into Plaintiff's cell (Doc. 13, p. 7).  The inmate told Plaintiff that he was put there intentionally to "f**k Plaintiff up."  *Id*.  Plaintiff believes that the inmate was given information about Plaintiff's alleged criminal history as well as his lawsuit against Defendant Heidemann.  He alleges that this inmate was "recruited by Defendants" to incite an altercation with Plaintiff so that he would end up in segregation (Doc. 13, p. 8).

In mid-September 2015, this cellmate began to verbally threaten and physically assault Plaintiff.  He slapped Plaintiff, punched him, and threw Plaintiff to the floor; stole his property; and destroyed his legal paperwork.  On September 28, 2015, Plaintiff filed a grievance over these incidents, but Counselor Melvin (who is not named as a Defendant) claimed she did not receive it.

Plaintiff asserts that based on his grievances and complaints, each Defendant had advance notice that Plaintiff was in need of protection, but they failed to protect him.  He also claims that these events constituted retaliation against him for the protected activity of filing the lawsuit against Defendant Heidemann.  Finally, he argues that the interference with his grievances denied him the right to petition the government for redress, and that he was denied access to the courts (Doc. 13, p. 8).  He seeks monetary damages from all Defendants (Doc. 13, p. 9).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.  Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 1:**  Eighth Amendment claim for failure to protect Plaintiff from assaults by his cellmate, and for instigating those assaults;

**Count 2:**  First Amendment retaliation claim, for subjecting Plaintiff to assaults and loss/destruction of his property at the hands of his cellmate, on account of Plaintiff's litigation activity;

**Count 3:**  Claims for mishandling of Plaintiff's grievances;

> **Count 4:**  Claim for denial of access to the courts regarding Plaintiff's previously-filed lawsuit against Defendant Heidemann.

Counts 1 and 2 shall proceed against some Defendants.  Counts 3 and 4 shall be dismissed for failure to state a claim upon which relief may be granted.

**Count 1 – Failure to Protect/Instigation of Assault**

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). Not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety.  *Farmer*, 511 U.S. at 834.  In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger.  *Id.*; *Pinkston*, 440 F.3d at 889.  A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety.  *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).  In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action.  *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001).  However, conduct that amounts to negligence or inadvertence is not enough to state a claim.  *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Furthermore, harassment may become actionable where it involves a "credible threat to kill, or to inflict any other physical injury."  *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009).  Allegations that a prison officer has provoked or persuaded other inmates to

cause harm to a plaintiff support an inference that the officer attempted to inflict injury on the plaintiff in violation of the Eighth Amendment.  *See Irving v. Dormire*, 519 F.3d 441, 449 (8th Cir. 2008) (officer's attempt to have other inmates attack plaintiff may violate Eighth Amendment, even where the plaintiff was not actually assaulted); *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992) (Eighth Amendment claim stated where guard "intended to do harm to [a prisoner] by inciting inmates to beat him[;]" guard told other inmates that plaintiff was a snitch).

In Plaintiff's case, he claims that Defendant Belford informed other Pinckneyville inmates that Plaintiff was a rapist and pedophile.  Such information placed Plaintiff at risk of physical attack by other inmates.  Further, Plaintiff suggests that Defendant Belford engineered the assignment of Plaintiff's new cellmate in September 2015, with the expectation that the cellmate would cause harm to Plaintiff.  Plaintiff was in fact physically assaulted by that cellmate.  This sequence of events involving Defendant Belford suffices, at this stage, to state an Eighth Amendment claim against him for setting Plaintiff up to be assaulted.

Several other Defendants are alleged to have been directly informed by Plaintiff about Defendant Belford's threats as well as his informing other inmates that Plaintiff is a sex offender.  Plaintiff claims that he told Defendants Spiller, Furlow, Lind, and Lawless about one or more of the incidents with Defendant Belford.  However, none of these individuals took any action to protect Plaintiff from Defendant Belford's threatening behavior, or to mitigate the risk that Plaintiff might be harmed by another inmate as a result of Defendant Belford's talk about Plaintiff's offense history.  At this stage, Plaintiff's deliberate indifference claims against Defendants Spiller, Furlow, Lind, and Lawless may proceed for further review.

The other Defendants, however, shall be dismissed from this claim, and from the

action.  Plaintiff fails to connect Defendants Heidemann, Bailey, Winberry, Vanzandt, Myers, Lashbrook, Flatt, Selby, Gabby, Huff, Livley, Wolf, or Ebbers to any of the events which allegedly placed him at risk of harm.  With the exception of Defendant Heidemann, none of these individuals is mentioned at all in Plaintiff's statement of claim.  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Accordingly, Defendants Bailey, Winberry, Vanzandt, Myers, Lashbrook, Flatt, Selby, Gabby, Huff, Livley, Wolf, and Ebbers will be dismissed from this action without prejudice.

Plaintiff notes several times that he previously sued Defendant Heidemann in another action filed in this Court.  He claims that this prior lawsuit prompted Defendant Belford to harass him and put him in danger.  However, nothing in the complaint indicates that Defendant Heidemann directed Defendant Belford's actions or in any way participated in the events that led to the assaults against Plaintiff.  Therefore, Plaintiff fails to state a claim against Defendant Heidemann, and she shall also be dismissed, without prejudice.

To summarize, **Count 1** shall proceed only against Defendants Belford, Spiller, Furlow, Lind, and Lawless.

## Count 2 – Retaliation

Prison officials may not retaliate against inmates for filing grievances or

otherwise complaining about their conditions of confinement.  *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*

In the instant case, Plaintiff has alleged that Defendant Belford harassed him, informed other inmates that he was a sex offender, and set him up to be assaulted by his cellmate, all because Plaintiff had filed suit against Defendant Belford's co-worker, Defendant Heidemann.  The pleading thus indicates that Plaintiff experienced adverse action(s) that would likely deter First Amendment activity in the future, and that his First Amendment activity – the earlier lawsuit – was "at least a motivating factor" in the Defendants' decision to take the retaliatory action.  *See Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).   At this stage, Plaintiff has adequately pled a retaliation claim against Defendant Belford in **Count 2**, and may proceed on this claim.

However, the statement of claim does not implicate any of the other Defendants in the alleged retaliatory actions.  Therefore, Count 2 shall proceed only against Defendant Belford.

**Dismissal of Count 3 – Grievance Claims**

The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v.*

*Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Thus, any failure to investigate Plaintiff's grievances, or any other action or inaction with regard to the grievance procedure on the part of those responsible for processing complaints, will not support an independent constitutional claim.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli*, 81 F.3d at 1430.  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the Constitution.  *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Here, Plaintiff does not make clear which of the Defendants was allegedly responsible for failing to properly handle his grievances.  Even if he had done so, however, there is no constitutional violation where prison grievances are thrown away, not answered, or otherwise not processed in accordance with prison rules.  Plaintiff has brought this suit, and he has not been deprived of his "right to petition the government for a redress of his grievances" as he puts it (Doc. 13, p. 8).  Accordingly, **Count 3** shall be dismissed with prejudice.

**Dismissal of Count 4 – Access to Courts**

Prisoners have a fundamental right of meaningful access to the courts.  *Bounds v. Smith*, 430 U.S. 817 (1977).  Violations of that right may be vindicated in federal court, *e.g.*, in a civil rights action pursuant to 42 U.S.C. § 1983.  However, in Plaintiff's case, he does not make a single allegation which would describe an actual or potential limitation on his access to the courts.  Nothing in the complaint indicates that his pursuit of his earlier lawsuit against Defendant Heidemann, or any other court action, was affected in any way by the harassment and retaliation he alleges.

Actual or threatened detriment to a legal action is an essential element of a § 1983

action for denial of access to the courts. *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987). Because Plaintiff does not describe any actual hindrance or detriment to his other litigation as a result of the events outlined in the complaint, he fails to state a claim for denial of access to the courts. **Count 4** shall therefore be dismissed without prejudice.

## Pending Motion

On July 12, 2016, Plaintiff filed a "motion to reconsider appointment of counsel" (Doc. 21). He claims that he has made ongoing attempts to obtain *pro bono* counsel in this and his other pending cases, without success. Plaintiff's original motion for recruitment of counsel (Doc. 6) was terminated as moot when this case was dismissed for want of prosecution (Doc. 9). That order of dismissal was later vacated (Doc. 12).

Because Plaintiff's amended complaint states two claims that survive review under § 1915A, the Court finds it appropriate to **GRANT** the motion to reconsider appointment of counsel (Doc. 21), but only to the extent that Plaintiff's motion for recruitment of counsel (Doc. 6) shall be referred to the United States Magistrate Judge for further consideration. The United States Magistrate Judge shall also consider the updated information provided by Plaintiff in the motion to reconsider at Doc. 21.

The Clerk is **DIRECTED** to reinstate the counsel motion (Doc. 6) as a pending motion on the Court's docket.

## Disposition

**COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Defendants **HEIDEMANN, BAILEY, WINBERRY, VANZANDT, MYERS, LASHBROOK, FLATT, SELBY, GABBY, HUFF, LIVLEY, WOLF,** and **EBBERS** are **DISMISSED** from this action without prejudice.

Defendant **PINCKNEYVILLE CORRECTIONAL CENTER** is **DISMISSED** from this action with prejudice, as the prison is not an entity that can be sued in a civil rights action. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Clerk of Court shall prepare for Defendants **BELFORD, SPILLER, FURLOW, LIND,** and **LAWLESS**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration

by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 6; see also Doc. 21).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 20, 2016**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court